# Photogravure and Color Company *v.* Goodman, Appellant.

*Affidavit of defense—Practice, C. P.—Assumpsit for work done—Set-off.*

1. In an action to recover for work done in making photogravure plates and printing therefrom, an affidavit of defense is sufficient to prevent judgment which avers that by reason of the defects and faults in the prints due to the careless and unskillful workmanship of plaintiff, many of the persons who subscribed for the work for which they were intended, refused to take the books, that at least 100 books were left unsold to defendant's loss of $500, and that the book had suffered in reputation, and also that a large number of subscribers on account of the defective work had refused to renew their subscriptions and that defendant had suffered thereby to the amount of $1,000.

2. In such a case the defendant may also set up ·in his affidavit of defense that it was the understanding between him and the plaintiff,

and in accordance with the custom of the trade, that these plates were to become the property of the defendant, but that the plaintiff had never delivered them, and that the defendant was entitled to set off their value to an amount named against plaintiff's claim.

Argued Oct. 22, 1908. Appeal, No. 131, Oct. T., 1908, by defendant, from order of C. P. No. 5, Phila. Co., March T., 1908, No. 783, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Photogravure and Color Company v. Philip Goodman, trading as Goodman's Sons & Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit for work done.

Rule for judgment for want of a sufficient affidavit of defense.

The averments of the affidavit are set forth in the opinion of the Superior Court.

*Error assigned* was the order of the court making absolute rule for judgment for want of a sufficient affidavit of defense.

*J. G. G. Forster,* of *Evans & Forster,* for appellant.—All that is required of an affidavit of defense is that the plaintiff must be given notice of what he has to meet and in case of a set-off that the amount, where possible, be liquidated so that the plaintiff may take judgment for the balance appearing: Kaufman v. Iron Mining Co., 105 Pa. 537; Betz v. Shepperson, 8 Atl. Repr. 175.

Where an article is ordered from a manufacturer for a particular purpose and it is supplied and sold for that purpose, there is an implied warranty that it shall be reasonably fit for the intended purpose: Flax Mills v. Asbestos Patent Fibre Co., 4 W. N. C. 463; McCormick Harvesting Machine Co. v. Nicholson, 17 Pa. Superior Ct. 188; Hylton v. Symes, 7 Phila. 96; Haines v. Young, 13 Pa. Superior Ct. 303.

Damages sustained by reason of the delivery of an article inferior to that contracted for, or defective in some important particular, may be set off in an action for the purchase price: Uhler v. Sanderson, 38 Pa. 128; Scott v. Coal Co., 89 Pa. 231;

Kaufman v. Mining Co., 105 Pa. 537; Smith v. Citizens' Gas, etc., Co., 5 W. N. C. 97; Pulp Co. v. Jessup & Moore Paper Co., 21 Pa. Superior Ct. 495.

When the plaintiff has failed to fully perform his contract though he may be entitled to recover on a quantum meruit for the work done, he cannot claim the full contract price, and the defendant may set off the damages arising from the failure to fully perform: Shaw v. Badger, 12 S. & R. 275; Noble v. James, 2 Grant, 278.

*Alfred Aarons*, with him *Henry N. Wessel*, for appellee.—The attempted set-off for books left unsold upon defendant's hands is bad: (a) Because having accepted plaintiff's work, the measure of damages is the difference between the value of the goods delivered and their value as it would have been had the goods been according to the contract: Himes v. Kiehl, 154 Pa. 190; Weed v. Weinberger, 12 Pa. Superior Ct. 12; Bascom v. Danville Stove, etc., Co., 182 Pa. 427; Thompson v. Burgey, 36 Pa. 403.

(b) Because defendant does not plead any facts which show that the books alleged to have been unsold would have positively been sold if the alleged breach by the plaintiff had not occurred: Weston v. Killeen, 11 Pa. C. C. Rep. 412.

The attempted set-off for the value of the plates which the plaintiff did not deliver is bad because it is in contravention of the parol evidence rule.

OPINION BY BEAVER, J., February 26, 1909:

Plaintiff claims from defendant, under the terms of a written offer and its acceptance, for making photogravure plates and printing therefrom, also for three several separate items of work done not contained in the original proposal, aggregating $888.04.

The defendant, in two several affidavits of defense, claims: 1. "That by reason of the defects, faults and blemishes shown in the prints, and which were due entirely to the careless and unskillful workmanship of the plaintiff, many of the persons who had subscribed for the said work refused to take them and

the book became unsalable, and at least one hundred of the said books were left unsold upon defendant's hands, thereby damaging him to the extent of five hundred dollars."

2. "That by reason of the careless, unskillful and unworkmanlike manner in which the said prints were made by the said plaintiff, the entire book or publication known as 'The Directory of Directors' has suffered in reputation, and as a valuable, profit-producing property has been greatly injured and impaired. That many of the advertisers have complained of the faulty prints in the 1907 book and together with a large number of subscribers have refused upon that account to again take the book or to advertise therein. Defendant says that by reason of the injury to the reputation of the said book or publication, he has suffered to the amount of one thousand dollars."

And, in the supplemental affidavit of defense:

3. "That plaintiff made the plates for the forty-six subjects and made and delivered the prints from the same as stated in his claim filed. That, in compliance with the understanding between the plaintiff and the defendant, and in accordance with the custom of the trade, these plates became and were the property of the defendant and should have been delivered by the plaintiff to the defendant, but the said plaintiff has not delivered the said forty-six plates to the defendant or any part or portion thereof, but still holds and retains them in his possession. That the plaintiff charges for the plates and printing the sum of $18.00 per subject, that a fair and reasonable price for the printing is $6.00 per subject and that the plates themselves are reasonably worth the sum of $12.00 each. Defendant is, therefore, entitled to a set-off on account of the said forty-six plates at $12.00 each, amounting to the sum of $552.00."

The plaintiff claims that: "The attempted set-off for the value of the plates which the plaintiff did no⁴ deliver is bad, because it is in contravention of the parol evidence rule," that is, as we understand it, that the contract is in writing and the agreement for the delivery of the plates is in contradiction thereof.

There is no necessary contradiction between the claim of the plaintiff and that of the defendant. The proposition contained

in the letter of the plaintiff is for the purpose of making pho-
togravure plates and printing therefrom 500 prints of each.
Nothing whatever is said therein in regard to the ownership of
the plates or of the delivery thereof by the plaintiff to the de-
fendant.   If there was an understanding or agreement be-
tween the plaintiff and the defendant that these plates were to
become the property of the defendant and were to be delivered
by the plaintiff to the defendant, we cannot see why this fact
should not be proved and, if the plates were reasonably worth
the sum alleged by the defendant, why he would not be entitled
to a set-off against the claim made by the plaintiff.

It is true that the second allegation as to the loss of the repu-
tation of the Directory of Directors and the injury to it as a
profit-producing property is somewhat vague and indefinite.
It is alleged, however, that a large number of subscribers have
refused, on account of the faulty prints in the 1907 book, which
is the one in which the plates printed by the plaintiff were
used, to again take the book or advertise therein.   If this were
the only ground of exception to the action of the court below in
entering judgment for want of a sufficient affidavit of defense,
we would probably hesitate about reversing the judgment.
The number of subscribers who have refused to advertise in the
book for the next year and the amount actually lost by such
refusal in each case, if set forth, would have furnished some
guide by which the loss to the defendant could have been esti-
mated.   If the offer is made to show this on the trial of the
cause, we cannot see why it will not be competent and relevant.

If the defendant had set forth in the statement of his first
ground of defense the exact number of subscribers who had
actually subscribed for the book and had refused to take it, be-
cause of the defects, faults and blemishes in the prints, the af-
fidavit would have been somewhat more satisfactory, but we
are of the opinion that enough is stated in this averment to
authorize, if the allegation is made good, the submission of the
amount of loss sustained by the defendant to a jury.   Assuming
the facts as stated in the affidavits to be true, enough is alleged
to raise the inquiry as to the amount of loss sustained by the
defendant by reason of the careless and unskillful workmanship

of the plaintiff and, if the allegations are sustained by competent and relevant evidence, to constitute a set-off against the plaintiff's claim.

The judgment is reversed with a procedendo.